### PEOPLE ex rel. BETTER v. McLAUGHLIN, Warden of City Prison.

(Supreme Court, Appellate Division, Second Department. June 21, 1912.)

HABEAS CORPUS (§ 85\*)—DISCHARGE—EVIDENCE.

It appearing from the testimony of the only witness, except a chemist, at the examination on arraignment of relator, arrested for exposing for sale and selling oleomargarine, that he did not see relator, that relator was not present at the sale, and made no representations to him with reference to the sale, and that what was given the chemist was no part of what was offered for sale, a discharge on habeas corpus should be granted.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. § 85.\*]

Appeal from Special Term, Kings County.

Habeas corpus, by the People, on the relation of William Better, against William H. McLaughlin, Warden of the City Prison. From an

order dismissing the writ, relator appeals. Reversed, and relator discharged.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Abraham Lehman, of Brooklyn, for appellant.

James C. Cropsey, Dist. Atty., and Hersey Egginton and Harry G. Anderson, Asst. Dist. Attys., all of Brooklyn, for respondent.

THOMAS, J. The plaintiff appeals from an order dismissing a writ of habeas corpus. The relator was arrested on a warrant issued by a magistrate upon the complaint of Kracke, assistant commissioner of the department of agriculture, for having in his possession, offering and exposing for sale, and selling oleomargarine, and upon arraignment the defendant demanded an examination, whereupon the testimony of two witnesses was taken, Kracke and Geisler, a chemist. It appears that Kracke did not see the relator, that the latter made no representations to him with reference to the sale of the article, that the relator was not present at the sale, that the witness did not see any sale, and that what was given to the chemist was no part of what was offered for sale. In other words, the defendant is neither directly nor indirectly shown to have been connected with the transaction, or to have been related to it in any form, or to the substance that was given to and analyzed by the chemist.

The order dismissing the proceedings should be reversed, and the relator discharged.

BURR, WOODWARD, and RICH, JJ., concur. JENKS, P. J., not voting.